IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**THOMAS P. ACOSTA**,

      Plaintiff,

v.

**STATE OF OREGON PAROLE OFFICE; SUSAN OTOOLE; TREVOR KENDALL; IAN WILLIAMS; and SCOTT SUDAISAR,**

      Defendants.

**Civ. No. 6:21-cv-01608-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

*Pro se* plaintiff Thomas Acosta brings this civil rights action and seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. The Court must construe pleadings by *pro se* plaintiffs liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

Plaintiff was previously convicted of Sodomy in the First Degree in Lincoln County, Oregon. Compl. Ex. 2, at 2, ECF No. 1-2. It appears that Plaintiff began post-prison supervision in Oregon on May 20, 2021. *Id.* He violated the conditions of his supervision on August 2, 2021, by failing to participate in a polygraph examination to obtain information for risk management and treatment. *Id.* Plaintiff reported for his polygraph exam, but the examiner was unable to get

through the intake questions, stating Plaintiff was "non-compliant and argumentative." *Id.* Plaintiff "repeatedly asserted that he is not willing to voluntarily participate in the examination." *Id.* "[Plaintiff] is on high supervision level and his behavior was a severity level three," which permits a sanction of up to sixty days in jail. *Id.* at 1. Accordingly, Plaintiff was sanctioned to thirty days in jail for failing to comply with a condition of his post-prison supervision. *Id.*

Plaintiff appears to argue his Sixth and Fourteenth Amendment rights were violated during the polygraph examination because he did not consent to being recorded and requested his attorney be present. Compl. 4, ECF No. 1. He also states his subsequent thirty-day incarceration was illegal. *Id.* Plaintiff claims Defendants are retaliating against him for a different lawsuit Plaintiff filed against the State of Oregon "for illegal incarceration for a crime [he] didn't commit." Ex. 1, at 1, ECF No. 3.

Plaintiff's claims are barred because they implicate the validity of his underlying criminal conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rule bars a § 1983 claim challenging a conviction or sentence unless that conviction or sentence has been invalidated or the proceedings otherwise terminated in the plaintiff's favor. *Id.* at 486–87. More specifically,

> a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Plaintiff challenges the constitutionality of his state imprisonment and the conditions of his post-prison supervision, as well as his Lincoln County conviction itself. Such claims necessarily implicate the validity of Plaintiff's conviction, and are therefore barred by *Heck*. Additionally, if Plaintiff is currently appealing his state conviction, *Younger* abstention would

2 – OPINION AND ORDER

further preclude this Court from hearing Plaintiff's claims. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 n.4 (9th Cir. 2004) ("*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding.").

Instead, the proper mechanism for Plaintiff to proceed with his constitutional challenges in federal court would be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486–87; *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Such a petition must allege that Plaintiff exhausted his state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Kellotat v. Cupp*, 719 F.2d 1027, 1030–31 (9th Cir. 1983).

Because Plaintiff's claims are barred by *Heck*, this action is DISMISSED.

IT IS SO ORDERED.

DATED this 19th day of November, 2021.

                          ____s/Michael J. McShane_____
                             **Michael J. McShane**
                            **United States District Judge**